**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RUTH LACHER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-11-1038-M |
| ) | |
| BOARD OF COUNTY ) | |
| COMMISSIONERS FOR ) | |
| OKLAHOMA COUNTY, on behalf ) | |
| of the OKLAHOMA COUNTY ) | |
| CLERK'S OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the Court is Defendant Board of County Commissioners of Oklahoma County Motion to Dismiss, filed October 17, 2011. On November 11, 2011, plaintiff filed her response. No reply was filed. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

Plaintiff brings this lawsuit alleging violation of her civil rights under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), the Oklahoma Anti-Discrimination Act ("OADA"), violations of her right to Equal Protection, and negligent retention, supervision and training. Specifically, plaintiff born in June of 1955 began her employment with defendant Oklahoma County Clerk's Office ("Clerk's Office") as a finance assistant on or about April 9, 2007. Plaintiff states that within the first week of her employment two fellow employees told her they expected someone younger to be hired. Plaintiff contends she reported this statement to Chief Deputy Clerk Charlie Sparkman ("Sparkman") and he reported the comment to defendant Carolyn Caudill. Plaintiff states

after reporting this incident to human resources she was transferred to the warrant desk.

On or about November 20, 2008, plaintiff states she was promoted to records preservation clerk in the real estate department. Plaintiff states she was the oldest employee in this department and received less desirable tasks than younger employees such as lifting hundreds of books. Plaintiff states she informed Sparkman that she previously suffered from a umbilical hernia and that this task was challenging. In or around December 2009, plaintiff states she was moved to the administration department. In her amended complaint plaintiff states she was required to work through lunch and to report to work one hour earlier than other employees. Plaintiff states she still has not received the requested compensation for the additional hours work during this period.

In or around September 2010, plaintiff states she was again moved, this time to the benefits department where her supervisor was defendant Jon Wilkerson ("Wilkerson"). Plaintiff states she was told that the administration department was moving to another floor and that she could return to the administrative assistant position. Plaintiff states in or around February 2011, she began missing portion of her work day for doctor appointments due to stomach ulcers. Plaintiff states that after fainting at work on or about February 10, 2011, she was off work February 15 and 16 due to her medical conditions. Plaintiff contends she was not informed by "defendant clerk's office" of her rights under FMLA. In mid February, 2011, plaintiff states she discovered a younger female had been given the administrative assistant position.

On or about February 28, 2011, plaintiff states her time sheet was returned to her by Wilkerson because he thought the time sheet did not accurately reflect the hours she had worked. Plaintiff states that after she verified her time through garage key and building key access records she sent an email to Sparkman stating she had been discriminated against. Plaintiff contends she

also stated she was experiencing health problems. Plaintiff contends she was assured by Sparkman that there would be no repercussions from defendant Wilkerson regarding the time sheet issues.

On or about March 8, 2011, plaintiff states she was told by Wilkerson that she had not properly completed meeting minutes. Plaintiff contends she met with Wilkerson and he asked her about the e-mail she had sent to Sparkman. Plaintiff claims she began feeling threatened by Wilkerson's demeanor and requested a witness be present during their meeting. Plaintiff states Wilkerson refused her request, yelled at her to get out of his office and stated she was being disrespectful. Plaintiff states due to Wilkerson's behavior she suffered an anxiety attack which exacerbated her asthma. Plaintiff states she left work informing Sparkman of the anxiety attack. On or about March 9, 2011, plaintiff reported Wilkerson's conduct to defendant Caudill. Plaintiff also claims to have reported she had developed ulcers and extreme anxiety as a result of stress associated with her employment. Plaintiff states her doctor placed her off work from March 10, 2011 to March 17, 2011 due to abdominal pain associated with her ulcers. Plaintiff states within ten minutes of her faxing her medical release to defendants on March 10, 2011 she received a termination letter from defendant Caudill. Plaintiff contends she is a qualified individual with a disability within the meaning of the ADAA and Oklahoma state law but at all times relevant she was able to perform the essential functions of her job with or without reasonable accommodations.

II.     MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) the United States Supreme Court announced the standard for motions to dismiss, and stated that a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." A court deciding a Rule 12(b)(6) motion "should assume the veracity"

of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Id.* at 1949-51.

In order to survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Schneider*, 493 F.3d at 1177 (emphasis in original).

### III.   DISCUSSION

The Board of County Commissioners seeks dismissal of the claims against it alleging plaintiff's amended complaint lacks specificity as to who is alleged to have done what to whom. Specifically, the Board of County Commissioners contends in Counts I, II, III, and VII plaintiff makes allegations naming "Defendant Clerk's Office" but fails to specifically identify who in the Clerk's Office is alleged to have discriminated against her. The Board contends in Counts IV and V of her Complaint plaintiff only uses general terms again failing to specifically identifying any person alleged to have discriminated against her. Plaintiff contends the Board of County Commissioners' motion to dismiss should be denied or alternatively, requests leave of Court to amend her Complaint.

Upon review of the parties' submissions, the Court hereby DENIES defendant Board of

County Commissioners' Motion to Dismiss [docket no. 12] and GRANTS plaintiff's alternative motion to amend her Complaint. Plaintiff's amendment to her Complaint shall be filed no later than April 21, 2012.

**IT IS SO ORDERED this 12th day of April, 2012.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE