IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

RUTH LACHER, )
 )
           Plaintiff, )
 )
v. ) Case No. CIV-11-1038-M
 )
BOARD OF COUNTY )
COMMISSIONERS FOR )
OKLAHOMA COUNTY, on behalf )
of the OKLAHOMA COUNTY )
CLERK'S OFFICE, et al., )
 )
           Defendants. )

**ORDER**

Before the Court are the Motion to Dismiss Second Amended Complaint by Defendants Carolyn Caudill and John Wilkerson in Their Official and Individual Capacities and the Motion to Dismiss Second Amended Complaint by Defendant Board of County Commissioners of Oklahoma County ("BOCC"). Plaintiff timely filed responses to both motions. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

Plaintiff brings this lawsuit alleging violation of her civil rights under the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), the Americans with Disabilities Amendment Act ("ADAA"), the Family Medical Leave Act ("FMLA"), the Oklahoma Anti-Discrimination Act ("OADA"), violation of her right to equal protection, intentional infliction of emotional distress and negligent retention, supervision and training. Specifically, plaintiff alleges that within the first week of her April 9, 2007 employment with defendant Oklahoma County Clerk's Office ("Clerk's Office") two fellow employees told her they

expected someone younger to be hired. Plaintiff contends she reported this statement to Chief Deputy Clerk Charlie Sparkman ("Sparkman") and he reported the comment to defendant Carolyn Caudill, Oklahoma County Clerk ("Caudill"). Plaintiff states after reporting this incident to human resources in 2007 she was transferred to the warrant desk.

On or about November 20, 2008, plaintiff states she was promoted to records preservation clerk in the real estate department. Plaintiff states she was the oldest employee in this department and received less desirable tasks than younger employees such as lifting hundreds of books. Plaintiff states she informed Sparkman that she previously suffered from a umbilical hernia and that this task was challenging. In December 2009, plaintiff states she was moved to the administration department. In her Second Amended Complaint, plaintiff states in administration she was required to work through lunch and to report to work one hour earlier than other employees. Plaintiff states she still has not received the requested compensation for the additional hours worked during this period.

In or around September 2010, plaintiff states she was again relocated, this time to the benefits department where her supervisor was defendant John Wilkerson ("Wilkerson"). Plaintiff states she was told that the administration department was moving to another floor and that she could later return to the administration department. Plaintiff states in February 2011, she began missing portions of her work day for doctor appointments due to stomach ulcers. Plaintiff states that after fainting at work she was off work February 15 and 16, 2011 for medical reasons. Plaintiff contends she was not informed of her rights under FMLA at this time. In mid February, 2011, plaintiff states she discovered a younger female had been given the administrative assistant position.

On or about February 28, 2011, plaintiff states her time sheet was returned to her by her supervisor Wilkerson because he thought the time sheet did not accurately reflect the hours she had worked. Plaintiff states that after she verified her time she sent an email to Sparkman stating she had been discriminated against. Plaintiff contends she also stated she was experiencing health problems. Plaintiff contends she was assured by Sparkman that there would be no repercussions from defendant Wilkerson regarding the time sheet issue.

On or about March 8, 2011, plaintiff states she was told by Wilkerson that she had not properly completed meeting minutes, one of her assigned duties. Plaintiff contends she met with Wilkerson and he asked her about the e-mail she had sent to Sparkman. Plaintiff claims she began feeling threatened by Wilkerson's demeanor during the meeting and requested a witness be present. Plaintiff states Wilkerson refused her request, yelled at her to get out of his office and stated she was being disrespectful. Plaintiff states due to Wilkerson's behavior she suffered an anxiety attack which exacerbated her asthma. Plaintiff states she left work informing Sparkman of the anxiety attack. The next day plaintiff reported Wilkerson's conduct to defendant Caudill. Plaintiff also claims to have reported to Caudill that she had developed ulcers and extreme anxiety as a result of stress associated with her employment. Plaintiff states her doctor placed her off work from March 10, 2011 to March 17, 2011 due to abdominal pain associated with her ulcers. Plaintiff states within ten minutes of her faxing her medical release to defendants on March 10, 2011 she received a termination letter from defendant Caudill.

II.     Standard of Review

In *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)), the United States Supreme Court announced the standard for motions to

3

dismiss and stated that a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." A court deciding a Rule 12(b)(6) motion "should assume the veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Id.* at 1949-51.

In order to survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

> Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.

*Schneider*, 493 F.3d at 1177 (emphasis in original).

III.    Discussion

Defendants Caudill, Wilkerson and BOCC ("defendants") seek dismissal pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6). Specifically, defendants contend plaintiff's Second Amended Complaint taken as true, and in the aggregate, fails to establish claims against them and should be dismissed. In her Second Amended Complaint plaintiff alleges several causes of action against Caudill in her official capacity as Oklahoma County Clerk, as well as in her individual capacity including interference and retaliation under the FMLA; violation of her equal protection rights under the Fourteenth Amendment to the United States Constitution; and negligence in violation of Oklahoma law. Plaintiff also alleges several causes of action against Wilkerson in his

official capacity as manager of human resources, benefits and retirement for the Oklahoma County Clerk's Office, as well as in his individual capacity to include: interference and retaliation under the FMLA; violation of her right to equal protection of the law and intentional infliction of emotional distress. Plaintiff also alleges violation of the ADEA, ADA, ADAA, FMLA, Section 1983, the OADA and a state tort claim for negligence against defendant BOCC.

### A.     ADEA and Oklahoma Age Discrimination Claims

In her first and second causes of action, plaintiff attempts to bring claims of age discrimination against defendant BOCC. Plaintiff contends she is entitled to relief because she was over the age of forty (40) during her employment with the County and she performed satisfactorily. Plaintiff contends during her first week of employment in 2007, two co-workers commented that they expected someone younger than her to be hired and the next week she was transferred to the warrant desk. Plaintiff claims the next year, in 2008, she received a promotion but did not receive the same assistance lifting as previous younger employees. Plaintiff claims two years later in 2010 she was moved to the Benefits Department from an administrative assistant position and in 2011 she discovered a younger employee had received the administrative assistant position.

Under the ADEA, it is unlawful for an employer to discriminate against "any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). The United States Supreme Court held:

> a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the "but for" cause of the challenged adverse employer action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

*Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S. Ct. 2343, 2352 (2009) (internal citation omitted).  A plaintiff may prove causation using either direct or circumstantial evidence of discrimination.  *Id*. at 2351.

Defendants contend BOCC is an improper party for plaintiff's ADEA and OADA claims.  Defendants contend liability under the ADEA and the OADA is limited to employers.  *See generally,* 29 U.S.C. § 623(a) and *See* Okla. Const. art. 5, § 46.  BOCC contends plaintiff has failed to properly name her employer as defendant and that her first and second causes of action should be dismissed.  BOCC also contends plaintiff has failed to cite to any legal authority which gives the BOCC any sort of superintending or agency-type of authority over defendant Caudill an elected county official and plaintiff's employer.  BOCC contends as an elected officer Caudill's position is created by the same state Constitutional provision which creates BOCC and that neither has control over the other.  *See* Okla. Const. art. 17, § 2.

Caudill contends, in her official capacity, that plaintiff's Second Amended Complaint does not contain sufficient factual allegations to state a claim to relief under the ADEA or Oklahoma law.  Specifically, comments made by two co-workers to plaintiff upon her being hired in 2007 and her transfer to other departments where there are younger employees is insufficient to state a claim of age discrimination.

In an age discrimination case like this one, the plaintiff must set forth four elements to establish a *prima facie* case.  Plaintiff must demonstrate that: (1) she was a member of a protected class (*i.e.*, she was over 40 years old); (2) she applied for and was qualified for the position; (3) despite being qualified she was rejected; and (4) after she was rejected, the position was filled by someone outside the protected class.  *See Mackenzie v. City and County of Denver,* 414 F.3d 1266,

1277 (10th Cir. 2005).

Having reviewed plaintiff's Second Amended Complaint, the Court finds that plaintiff has failed to state a claim against defendants BOCC and Caudill in her official capacity under the ADEA and the OADA. Specifically, plaintiff has failed to allege she applied for any position and despite being qualified she was rejected. While plaintiff does make reference to a younger employee receiving the administrative assistant position in 2011, she fails to allege she applied for the position, was qualified or denied this or any other position. Additionally, the Court finds that because BOCC, is a constitutionally created body without any supervisory control over plaintiff or the County Clerk's office, BOCC is not plaintiff's employer and therefore can not be held liable under ADEA or state law for age discrimination. Accordingly, plaintiff's age discrimination and retaliation claims in violation of the ADEA and state law are dismissed.

### B. ADA, ADAA and State Law Claims

In Count III of plaintiff's Second Amended Complaint, she attempts to bring a claim of disability discrimination under the ADA, the ADAA and state law against BOCC only. BOCC again contends because it is not plaintiff's employer it can not be liable under the ADA, the ADAA or state disability law as each of these statutes provides a cause of action only against an employer. Defendant BOCC contends plaintiff's third cause of action should be dismissed because plaintiff has failed to properly name her "employer" for purposes of the ADA, the ADAA or state law. *See generally* 42 U.S.C. §§ 12111-12112 and Okla. Stat. tit. 25, § 1901 et seq. Upon review of plaintiff's Second Amended Complaint the Court agrees. Defendants' motions to dismiss as to plaintiff's ADA, ADAA and state law claims are granted.

### C. FMLA Interference and Retaliation

*Plaintiff also contends defendants interfered with her use or attempted use of medical leave* in violation of the FMLA.  Plaintiff contends beginning in February 2011, she began suffering from stomach ulcers which required her to be off work for doctor's appointments, and receive treatment for abdominal pain.  Plaintiff contends on or about February 15 and 16, 2011 she was off work and that on both days she called defendant Wilkerson to report that she was sick, but that she was not advised by defendants of her FMLA rights.  Plaintiff also contends that during a meeting with Wilkerson on or about March 8, 2011, he yelled at her and told her to get out of his office causing her to suffer an anxiety attack which exacerbated her asthma.  Plaintiff states the next day she reported Wilkerson's behavior to defendant Caudill and informed her that she had developed ulcers and extreme anxiety as a result of stress associated with her employment.

Defendants Caudill and Wilkerson in their individual capacities and BOCC contend because they are not plaintiff's employer, they can not be held liable for plaintiff's claims filed under the FMLA.  *See* 29 U.S.C. § 2612.  Defendants contend the only proper party to plaintiff's fourth cause of action is defendant Caudill in her official capacity as Oklahoma County Clerk.  *Bristol v. Bd. of Cnty. Commr's,* 312 F.3d 1213, 1218-20 (10th Cir. 2002).

The FMLA entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons.  An eligible employee making application for FMLA is entitled to a total of 12 workweeks of leave during any 12-month period.  29 U.S.C. § 2601 et seq.

Having reviewed the parties' submissions, the Court finds that plaintiff has failed to state a claim for FMLA interference and retaliation.  As to defendants Wilkerson and Caudill in their individual capacities and defendant BOCC, liability can only be attributed to plaintiff's employer which these defendants were not.  As to defendant Caudill in her official capacity and as plaintiff's

employer, plaintiff fails to allege she ever requested FMLA or any sick leave that was denied. Accordingly, the Court grants defendants' motions to dismiss as to plaintiff's claims of FMLA interference and retaliation.

### D. Equal Protection

Plaintiff contends as public employees defendants Caudill and Wilkerson were acting under their authority as public employees when they deprived her of her constitutional right to equal protection. Plaintiff contends both Caudill and Wilkerson had final policy and decision making authority and that their actions, as well as those of the BOCC, created policy or custom which deprived her of her constitutional rights in violation of 42 U.S.C. § 1983. In support of her equal protection cause of action against defendants, plaintiff merely "incorporates all paragraphs" noted in her Second Amended Complaint. *See* Second Amended Complaint at p. 18. Additionally, plaintiff alleges as public employees Caudill and Wilkerson misused their authority as public employees and deprived her of her constitutional right to equal protection. Plaintiff contends the acts of the defendants have caused her physical, mental and emotional injury and defendants are liable pursuant 42 U.S.C. § 1983.

Defendants contend plaintiff has failed to demonstrate that any constitutional violation attributable to a custom or policy has occurred. Defendants contend plaintiff has not alleged any facts that would support the claimed violation of plaintiff's constitutional rights pursuant to a county custom or policy. Additionally, defendants contend that while defendant Caudill does have final policymaking authority, plaintiff fails to allege any action or decision by defendant Caudill that would constitute a violation of plaintiff's constitutional right to equal protection.

BOCC contends that it has no superintending control over defendant Caudill, an elected

county official, and that any claim against BOCC is redundant to claims against Caudill in her official capacity as county clerk. *See Meade v. Grubbs,* 841 F.2d 1512 (10th Cir. 1988) and *Jantzen v. Hawkins*, 188 F.3d 1247 (10th Cir. 1999).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 49 (1988). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50 (internal citations omitted). To hold a governmental body liable, plaintiff must demonstrate that "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers," such that official policy is responsible for a deprivation of constitutional rights. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 690 (1978).

The Court, upon review of plaintiff's Second Amended Complaint, finds plaintiff has failed to plead the required facts demonstrating that each defendant participated in the conduct while acting under the color of law, resulting in the alleged deprivation of rights, and plaintiff's sweeping conclusory allegations fail to identify any specific conduct to constitute a deprivation of constitutional rights. Accordingly, the Court grants defendants' motions to dismiss plaintiff's equal protection claim.

    E.    Intentional Infliction of Emotional Distress

As plaintiff's sixth cause of action she claims Violation of Oklahoma Law: Intentional

Infliction of Emotional Distress. Plaintiff contends defendant Wilkerson discriminated against her by telling her to resubmit her time sheet because he thought errors had been made. Plaintiff also contends Wilkerson discriminated against her when he told her that she had not properly completed one of her job assignments. Defendants contend plaintiff has failed to name the proper party as required by state law and, thus, plaintiff's tort claims against defendants Wilkerson and Caudill must be dismissed. Defendants Wilkerson and Caudill also contend because plaintiff's allegations are limited to acts performed by them within the scope of their employment, they are not subject to suit in their individual capacity.

To make a claim for intentional infliction of emotional distress, a plaintiff must plead and prove:

> (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe.

*Computer Publ'ns, Inc. v. Welton*, 49 P.3d 732, 734 (Okla. 2002).

Defendants contend the alleged employment conduct fails to meet the extreme or outrageous standard to establish a claim for intentional infliction of emotional distress. Defendants also contend plaintiff's purported distress is not reasonable.

Having carefully reviewed plaintiff's Second Amended Complaint, the Court finds plaintiff has not alleged sufficient facts to demonstrate that defendant Wilkerson's conduct was extreme and outrageous or that as a result of his actions she has suffered severe emotional distress. Specifically, the Court finds plaintiff's conclusory allegations as to defendants' unlawful employment practices do not rise to the level of actionable conduct required. Accordingly, the Court grants defendant

Wilkerson's motion to dismiss plaintiff's intentional infliction of emotional distress claim.

### F.    Plaintiff's Negligence Claim

In plaintiff's seventh cause of action, she alleges Violation of Oklahoma Law: Negligence. Plaintiff contends defendants BOCC and Caudill were negligent in their supervision, training and retention of employees. Specifically, she claims BOCC and Caudill knew or should have known their employees would create an undue risk of harm and that Caudill was on notice that plaintiff was being treated differently because of her age. Defendants assert plaintiff's negligence claim must be dismissed because plaintiff fails to allege sufficient facts in support of her negligent hiring, training and supervision claim.

Plaintiff appears to argue as a common law tort, that defendants were negligent in hiring, training and supervising thereby allowing her to be discriminated against based on her age and medical condition. Plaintiff has cited no cases recognizing such a cause of action. In support of this cause of action plaintiff cites to Oklahoma laws prohibiting employment discrimination. In a similar case the Tenth Circuit held:

> Inventive cause of action appears to be nothing more than an attempt to circumvent the strictures of the employment-at-will doctrine by implying a duty that exposes higher level supervisors to liability for actions for which her immediate supervisors are not liable.

*Polson v. Davis*, 895 F.2d 705, 710 (10th Cir. 1990).

Even if plaintiff's Second Amended Complaint was found to plead a cause of action for negligence, the Court finds that plaintiff's vague, broad and conclusory allegations fail to allege sufficient facts in support of the theory of negligent hiring, training and supervision. Accordingly, the Court grants defendants' motions to dismiss as to plaintiff's negligence claim.

## IV.	CONCLUSION

For the reasons set forth above, the Court GRANTS defendants Carolyn Caudill and John Wilkerson's Motion to Dismiss, in their official and individual capacities [docket no. 20] and defendant Board of County Commissioners of Oklahoma County's Motion to Dismiss [docket no. 21].

**IT IS SO ORDERED this 24th day of January, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE